﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 200708-141164
DATE: March 31, 2021

REMANDED

Entitlement to service connection for prostate cancer is remanded.

REASONS FOR REMAND

The Veteran served on active duty from January 1961 to February 1981.

This case comes to the Board of Veterans’ Appeals (Board) on appeal from an April 2020 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Oakland, California.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

In a VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) (NOD), the appellant elected the Hearing Lane option. Prior to certification to the Board, the Veteran submitted a subsequent NOD, electing to 

 

change his appellate review to the Direct Review option; therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is deciding the claims of service connection for prostate cancer it may not consider this evidence in its decision. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claims, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Entitlement to service connection for prostate cancer

The Veteran contends that his prostate cancer was caused by exposure to herbicides during his service in the waters offshore of the Republic of Vietnam. The Veteran’s service personnel records show that he is in receipt of the Vietnam Service Medal.

The RO determined the Veteran was diagnosed with prostate cancer in April 2018. The Board notes that prostate cancer is recognized as a presumptive disease associated with exposure to herbicides.

With respect to the Veteran’s assertion of in-service exposure to an herbicide agent, the Board notes that prior to the issuance of the rating decision currently on appeal, the United States Court of Appeals for the Federal Circuit (Federal Circuit) issued a decision in Procopio v. Wilkie, 913 F.3d 1371, 1380-81 (Fed. Cir. 2019) (en banc) which held that Veterans who served in the 12 nautical mile territorial sea of the Republic of Vietnam are entitled to presumptive service connection under 38 U.S.C. § 1116 so long as they meet the section’s other requirements. Id.; see also 38 U.S.C. § 1116. 

 

The Veteran’s available service personnel records confirm that he served onboard the U.S.S. Hancock and was awarded the Vietnam Service Medal for “service aboard USS Hancock while operating in contiguous waters of Vietnam in direct support of military operations”. See May 1966 Military Personnel Record. Within the periods relevant only to this issue in this appeal, there was no finding as to whether the Veteran’s ship was in the official waters offshore of the Republic of Vietnam or served in the 12 nautical mile territorial sea of the Republic of Vietnam. As Procopio established that Veterans who served in the 12 nautical mile territorial sea of the Republic of Vietnam meet the criterion of 38 U.S.C. § 1116 (f) that they served in the Republic of Vietnam, more information is needed before the Board can make a fully informed decision. See 38 U.S.C. § 1116 (f). The Board is aware that the rating decision of October 2020 awarded service connection for several disabilities based upon a finding that the Veteran served within 12 nautical miles offshore of the Republic of Vietnam, but is precluded under the AMA from considering that evidence and must point to the procedural error made by the RO at the time of the April 2020 rating decision on appeal here. 

With consideration of all of the above, the Board finds that pre-decisional duty to assist error was committed in failing to determine, under Procopio and the subsequent Blue Water Navy Act, whether the Veteran’s service on the USS Hancock in “Vietnam waters” constituted service in the 12 nautical mile territorial sea of the Republic of Vietnam. When the Board identifies a pre-decisional duty to assist error, under Pub. L. No. 115-55, section 2(d)(2), 38 C.F.R. §§ 3.159 (c), 20.802(a), the Board must remand the appeal back to the AOJ with instructions to correct the error.

This matter is REMANDED for the following action:

Attempt to verify the Veteran’s asserted in-service exposure to herbicide agents through official sources to include the JSRRC if this has not already been accomplished in this case. 

 

The development should include determining whether the Veteran’s service aboard the USS Hancock constituted service in the 12 nautical mile territorial sea of the Republic of Vietnam. 

 

MARJORIE A. AUER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Kelsey Love, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.